EDWIN PETERSON AND ARTIE LEE PETERSON, BY HER GUARDIAN, JOSEPH HIGGINS v. JAMES OLEN HIGGINS FINGER

No. 8624SC178

(Filed 16 September 1986)

**Evidence § 11; Cancellation and Rescission of Instruments § 1— setting aside deed for fraud and mental incompetence—communications between grantee and lunatic grantor—admissibility of evidence**

> In an action to set aside a deed on the grounds of fraud and mental incompetence of the grantor, the trial court did not err in permitting defendant to testify as to certain conversations she had with plaintiff grantor before the contested deed was executed, since (1) an interested person is not prevented from testifying to an oral communication with a lunatic when the guardian testifies in his own behalf regarding the subject matter or oral communication, or when evidence of the subject matter of the oral communication is offered by the guardian, and the record here showed that the guardian, a witness for his ward and the other plaintiff, testified that his ward when competent told him the very same thing defendant testified to; (2) even if receiving the evidence was error it was not prejudicial, as substantially the same evidence was received without objection from the attorney who prepared the disputed deed; and (3) an interested party may testify to oral communications with a lunatic when the lunatic's mental capacity is in issue, the interested party expresses an opinion thereon, and the basis for the opinion includes the communications and personal transaction testified to. N.C.G.S. § 8C-1, Rule 601(c).

APPEAL by plaintiffs from *Pachnowski, Judge.* Judgment entered 30 September 1985 in Superior Court, YANCEY County. Heard in the Court of Appeals 6 June 1986.

Plaintiffs—who are respectively the stepfather and the mother of the defendant—sued to set aside a deed they gave her in August 1983. The land involved, a half acre upon which is situated a house and two rental apartments, was the sole property of the female plaintiff before her marriage to the male plaintiff. In 1972 the remainder, subject to plaintiffs' life estate, was deeded to defendant; the August 1983 deed conveyed the life estate as well. The grounds alleged for setting the latter deed aside were constructive fraud—based on the relationship of the parties, the advanced age of the plaintiffs, and defendant's alleged failure to inform them as to the deed's contents—and the mental incompetence of plaintiff Artie Lee Peterson. A year after the transaction complained of plaintiff Artie Lee Peterson was adjudged to be mentally incompetent and her son Joseph Higgins, defendant's brother, was appointed guardian. At the same time in

1972 that plaintiffs deeded defendant the remainder of the property involved, they also deeded an adjacent lot to Higgins in fee simple. At trial the jury found that (1) the feme plaintiff was not mentally incompetent when the deed was executed; (2) a relationship of trust and confidence existed between the parties; and (3) the transaction between them was open, fair and honest. Judgment for the defendant was entered on the verdict.

*Staunton Norris for plaintiff appellants.*

*Watson and Hunt, by Charlie A. Hunt, Jr., for defendant appellee.*

PHILLIPS, Judge.

Plaintiff appellants make only two contentions, the first being that the trial judge erred in permitting the defendant to testify over their objections as to certain conversations that she had with plaintiff Artie Lee Peterson before the contested deed was executed. The objections were based on Rule 601(c), N.C. Evidence Code, which recodified the so-called "Dead Man's Statute," G.S. 8-51, and the fact that defendant's claim is adverse to that of the plaintiff Artie Lee Peterson, an adjudged lunatic. The testimony objected to was to the effect that on several different occasions before the August 1983 deed was executed Artie Lee Peterson told her that since the deed given her brother contained no restriction the plaintiffs were going to make things equal between the two by deeding her the life estate in the lot. Under the record in this case the testimony was not barred by the Dead Man's Statute for three reasons. First, the rule plaintiffs rely upon expressly provides that an interested person is not prevented from testifying to an oral communication with a decedent or lunatic when the executor, administrator, or guardian testifies in his own behalf regarding the subject matter of the oral communication, or when evidence of the subject matter of the oral communication is offered by the executor, administrator or guardian, Rule 601(c)(1)(3), and the record shows that the guardian, Joseph Higgins, a witness for his ward and the other plaintiff, testified that his ward when competent told him the very same thing defendant testified to: that plaintiffs were going to treat defendant equally with him by deeding her the life estate. Second, even if receiving the evidence was error it was not prejudicial, as

substantially the same evidence was received without objection from the attorney who prepared the disputed deed. 1 Strong's N.C. Index 3d, *Appeal and Error* Sec. 48.1 (1976). And third, our law permits an interested party to testify to oral communications with a decedent or lunatic when, as here, the decedent's or lunatic's mental capacity is in issue, the interested party expresses an opinion thereon, and the basis for the opinion includes the communications and personal transactions testified to. *Whitley v. Redden*, 276 N.C. 263, 171 S.E. 2d 894 (1970); *Bissett v. Bailey*, 176 N.C. 43, 96 S.E. 648 (1918). In this case defendant's opinion was partially based upon the conversations referred to, which tended to show that Artie Lee Peterson thought logically, understood what she was about, and was able to act upon her thoughts. That the testimony also tended to show the grantor's intention or state of mind did not make it inadmissible for its proper purpose, though plaintiffs could have had the evidence limited to that purpose if they had so requested. *In re Will of Ricks*, 292 N.C. 28, 231 S.E. 2d 856 (1977).

Plaintiffs' other contention is that the court erred in permitting the lay witness, Jack Finger, to testify that in his opinion Artie Lee Peterson was mentally competent on 11 August 1983 because he did not testify that he saw her on that date. *In re Will of Cromartie*, 64 N.C. App. 115, 306 S.E. 2d 853 (1983). But the witness testified that he saw her often and saw her "on or about" the date stated, which was foundation enough for the opinion.

No error.

Judges MARTIN and PARKER concur.